UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| 8th Stage Inc., d.b.a. Jammber, Inc., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No.: 3:22-cv-00761 |
| CSI Companies, Inc., | ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

Plaintiff 8th Stage Inc., d.b.a. Jammber, Inc., ("Jammber") by and through its attorneys, states the following for its Complaint against CSI Companies, Inc., ("CSI"):

## THE PARTIES

1. Jammber is a boutique black-owned business that, among other things, provides programming services to third parties. It is owned and primarily operated by Marcus Cobb. At all relevant times, Jammber was a Delaware corporation with its principal place of business located at 20 N. Upper Wacker Dr., Chicago, IL 60606.

2. CSI holds itself out as providing "top IT talent and consultants." At all relevant times, it was a Florida corporation with its principal place of business located at 7720 Bay Meadows Rd. E, Jacksonville, Duval County, FL 32256.

## JURISDICTION AND VENUE

3. The Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because it is a cause of action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

4. Venue in the United States District Court for the Middle District of Florida is proper because it includes Duval County, where CSI resides. 28 U.S.C. §§ 89(b) and 1391.

## CSI'S BREACH OF CONTRACT

5. Jammber signed a lucrative contract with a major healthcare provider to streamline and automate document processing, among other programming tasks.

6. Given the highly sensitive nature of the data stored on the healthcare provider's computer network, Jammber had to agree to strictly comply with the healthcare provider's information security standards for accessing, receiving, and processing its data.

7. In particular, Jammber agreed not to, among other things, transfer, provide access to, or otherwise make available the healthcare provider's data to any individual or entity who was not an authorized user.

8. To meet its staffing needs for the work, Jammber contracted with Defendant CSI for CSI to provide qualified computer programmers. On January 16, 2017, Jammber and CSI entered into a written agreement ("Contract") in which CSI agreed to provide Jammber with candidates for computer programming positions Jammber needed to fill.

9. CSI drafted the Contract and Jammber had no opportunity to negotiate its terms and conditions.

10. CSI agreed to provide Jammber with candidates "on the bases of reported qualifications and experience."

11. CSI claimed in the Contract that it had "incurred significant time and expense in recruiting, screening, testing, and preparing candidates for referral."

12. When Jammber interviewed the candidates provided by CSI they presented as having exemplary knowledge, skill, and experience for the work Jammber needed them to perform.

13. The candidates CSI offered Jammber for interviews always had their cameras off

and it was difficult for Jammber to identify personal characteristics that could later be used to recognize the candidates if it hired them.

14. Jammber ultimately decided to hire certain candidates referred by CSI based on the interviews and CSI's representation in the Contract that it had "incurred significant time and expense in recruiting, screening, testing, and preparing candidates for referral."

15. However, the workers Jammber actually received were different from the candidates it had interviewed, which was not readily apparent to Jammber because it could not identify the candidates' personal characteristics during the interviews.

16. Jammber reasonably relied on CSI to perform its obligations under the Contract and ensure the candidates Jammber hired were the same people it interviewed.

17. The workers referred by CSI were unable to complete basic, routine functions of their work.

18. One programmer CSI referred to Jammber, Vijaya Kumar Gande, was completely incapable of doing the work Jammber was performing for the healthcare provider.

19. Rather than doing the computer programming himself, on July 12, 2017, Gande transmitted a large quantity of the healthcare provider's data to an unauthorized third party outside of the healthcare provider's network so the third party could do the work and send it back to Gande, who then tried to pass the work off as his own.

20. In transmitting the healthcare provider's data to the unauthorized third party, Gande violated the healthcare provider's information security standards in numerous ways.

21. After Gande's actions, Jammber confronted the candidates referred by CSI about their inability to complete the work and several of them admitted they were not the candidates Jammber had interviewed. CSI had sent the workers in place of the candidates Jammber had

actually interviewed.

22. Because Gande and the other candidates could not perform the work CSI represented they could perform, the healthcare provider severed its relationship with Jammber, causing it to lose a substantial amount of money.

23. The Contract is valid and enforceable.

24. Jammber performed its obligations under the Contract.

25. CSI breached the Contract by:

   a. Not providing Jammber with candidates who had adequate qualifications and experience;

   b. Not recruiting, screening, testing, or preparing the candidates it referred to Jammber; and

   c. Not sending Jammber the workers Jammber had interviewed and agreed to hire.

26. As a result of CSI's breach of the Contract, Jammber has been injured in its business and lost a substantial amount of money in excess of $1 million.

WHEREFORE Plaintiff 8th Stage Inc., d/b/a. Jammber, Inc., prays for judgment in its favor and against Defendant in an amount in excess of $1 million, plus the costs of this action and interest, and for any other relief the Court deems reasonable and just.

Plaintiff demands trial by jury.

SAALFIELD SHAD, P.A.

_____
Richard M. Stoudemire, Esquire
Florida Bar No.: 349364
245 Riverside Avenue, Suite 400
Jacksonville, Florida 32202
(904) 355-4401
Attorney for Plaintiff
